IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KARIN SKOLD VAN SLYKE

    Plaintiff

-v-                                  Civil Action No. WMN-98-2791

NORTHROP GRUMMAN
    CORPORATION

    Defendant

\*\*\*\*\*\*

**ORDER**

The above captioned case was filed in this Court on August 13, 1998 by Plaintiff alleging employment discrimination by Defendant. (Paper No. 1). After a lengthy and contentious discovery process, Defendant filed a motion for summary judgment on February 28, 2000. (Paper No. 84). Plaintiff responded to Defendant's motion (Paper Nos. 89 and 90), however, this Court granted Defendant's motion for summary judgment by memorandum and order dated September 18, 2000. (Paper Nos. 100 and 101). Defendant filed a timely bill of costs on September 28, 2000. (Paper No. 102) *See* Fed. R. Civ. P. 54(d), Local Rule 109(1) and 28 U.S.C. § 1920. Plaintiff then filed a response opposing the taxation of some of the costs claimed by Defendant. (Paper No. 103). Defendant filed a reply to Plaintiff's response. (Paper No. 106). Plaintiff also noted an appeal to the Fourth Circuit Court of Appeals. (Paper No. 104). Plaintiff's appeal resulted in an order dated August 27, 2001 affirming this Court's decision. (Paper No. 108). The Defendant's bill of costs is now ripe for review.

Defendant is seeking a total of $5,355.05 for costs of court reporter fees for deposition transcripts; fees for copies of papers; and witness fees. (*See* Paper No.102). Plaintiff has filed an objection to defendant's request alleging that Defendant's request for costs with respect to copies is excessive; that transcripts obtained by Defendant were unjustified; and that one of the witness fees requested by Defendant is for a witness whose deposition was not used. (*See* Paper No. 103). Defendant filed a reply to Plaintiff's objections. (Paper No. 106).

**Deposition Costs**

To determine if a deposition expense is taxable, a district court judge must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the



party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 ( D.Md. 1968), *aff'd* as modified, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988). The Clerk's discretion to award costs in this jurisdiction is limited. Fees other than the actual deposition cost and sitting fees are not taxable by the Clerk. Only those costs related to depositions which were used in the event that terminated the litigation are taxable by the Clerk. The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).

The following depositions were **not** used by Defendant in the summary judgment motion that caused the termination of this litigation: Jean Bouscaren $393.75; Vivian Armor $319.00; Earl King $57.75; and Michelle Toth $192.50. Because they were not used by Defendant, the costs are not allowable and will not be taxed by the undersigned.

Defendant also requests costs for copies of depositions for the following witnesses: Robert Dubeau, Ciro Pinto-Coelho, Thomas Shaffer, Richard C. Davis, Kevin Leahy, Kelly Overman, and Ola Allsup. (*See* Paper No. 102). Because these depositions were relied upon by Defendant in their motion for summary judgment they are taxable, however, the allowable per page rate for copies of depositions is $1.25. The requested costs for the copy of Robert Dubeau's deposition is $220.50 for 126 pages, reflecting a per page rate of $1.75. The cost for a copy of this deposition will be reduced to $157.50, to reflect the allowable lower rate. For the same reason, the requested costs for copies of deposition for Ciro Pinto-Coelho will be reduced from $94.50 for 54 pages to $67.50; for Thomas Shaffer's March 5, 1999 deposition the costs will be reduced from $229.25 for 131 pages to $163.75; for Thomas Shaffer's December 22, 1999 deposition the costs will be reduced from $187.25 for 107 pages to $133.75; for Richard C. Davis the costs will be reduced from $196.00 for 112 pages to $140.00; for Kevin Leahy the costs will be reduced from $215.25 for 123 pages to $153.75; for Kelly Overman the costs will be reduced from $103.25 for 59 pages

to $73.75; and for Ola Allsup the costs will be reduced from $210.00 for 120 pages to $150.00. Defendant also requests costs for condensed transcripts and computer diskettes for the depositions of Robert Dubeau, Ciro Pinto-Coelho, Thomas Shaffer, Richard C. Davis, Earl King, Kevin Leahy, Michelle Toth, and Kelly Overman. Costs for condensed transcripts and computer diskettes are not, however, taxable by the Clerk and will not be allowed.

Defendant has requested costs related to the depositions of the Plaintiff in this matter. Transcripts of depositions of parties in a case are generally taxable as costs by the Clerk. However, expedited delivery fees are not taxable absent documentation reflecting the necessity of the higher rate. The requested costs for the deposition of Karin Skold Van Slyke include $474.20 for deposition dated March 16, 1999. (Paper No. 102, Ex. A). The bill of costs relating to the March 16, 1999 deposition includes a premium rate ($4.40 per page) for expedited delivery of a 98 page deposition and a charge of $27.90 for copies of deposition exhibits.(*Id.*). First, the expedited delivery charge is not taxable by the Clerk absent some documentation reflecting its necessity. Thus the page rate shall be reduced to $3.50 per page for a total of $343.00. The fee for copying deposition exhibits is not taxable as costs by the Clerk and will not be allowed. Defendant also request costs of $642.55 for another deposition transcript of the Plaintiff dated January 13, 2000. The invoice Defendant attaches, however, does not show the number of pages nor the per page rate for the transcript. Since it can not be discerned whether the rate for this deposition is reasonable the costs will be denied.

**Hearing Transcript**

Defendant has requested $17.00 for a transcript excerpt of Court proceedings occurring on October 28, 1999. A review of the transcript for the October 28, 1999 hearing reveals that the hearing concerned a discovery dispute between the parties. (*See* Paper No. 74). The cost of a hearing transcript is not taxable by the Clerk unless the transcript was specifically requested or approved by a Judge; or if the parties agree to tax the expense of a transcript as costs; or if the transcript is used on appeal. Defendant asserts that the hearing transcript was needed in order to ascertain the parameters of Magistrate Judge Grimm's order reopening the deposition for Thomas

Shaffer. (Paper No. 106, p.5). Defendant further asserts that the transcript of the October 28th hearing was necessary for use during Mr. Shaffer's deposition. *Id.* There is no evidence that the transcript excerpt for October 28, 1999 meets any of the special criteria making it taxable, thus, the $17.00 will be denied.

**Photocopying Fees**

Defendant requests a total of $1562.40 for photocopying fees and asserts that these costs are "associated with the filing of pleadings and dispositive motions as well as the production of documents requested by the plaintiff during discovery". (Paper No. 102 at pp. 2-3). Photocopying fees are taxable if they relate to copies used as court exhibits or to copies furnished to the court or opposing counsel pursuant to procedural rules. In order to determine if the copies requested by Defendant are taxable, documentation detailing what documents were copied and for what purpose they were copied is required. Defendant has not provided that documentation, therefore, the request for fees for copies will not be allowed. *See Goluba v. Brunswick Corp., Mercury Marine Division*, 139 F.R.D. 652, 656 (E.D. Wis. 1991).

**Witness Fee**

Defendant seeks a $40.00 witness fee for the deposition testimony of Jean Bouscaren. *See* Paper No. 102, Ex. C. As previously noted, the deposition costs for Jean Bouscaren are not taxable as it was not relied upon in the motion for summary judgment which terminated the litigation in this case. For that reason, the witness fee is also denied.

In accordance with the foregoing opinion, costs are hereby awarded in favor of defendant in the amount of $1383.00. A copy of this Order shall be docketed and mailed to counsel.

**DATED** this _4th_ day of _October_, 2001.

Felicia C. Cannon
Clerk of Court

4